CERTIORARI to Justice Coombe.
Mr. Clayton showed as error to the record, that the cause was tried by referees, when the defendant had not appeared; whereas the trial should have been by the justice. (Dig. 334.)
Mr. Frame moved to quash the certiorari, because the defendant below had taken an appeal, which was still pending, before he issued his certiorari; and he said that a party could not have both remedies at one time. The appeal being brought first and still pending, if the *Page 84 
court reverse the judgment on this certiorari, the defendant may still go on with his appeal, and even recover a judgment in this court against the plaintiff below, when there is no longer any judgment below from which the appeal was taken. The appeal is a waiver of the remedy by certiorari. The party elects to take his remedy on the merits. He may have either, but cannot take both.
J. M. Clayton, for the defendant below, contended that the remedy by appeal was cumulative. By common law be is entitled to the writ of certiorari — it is a writ of right, to enable this court to correct the errors in the inferior court. But the Legislature has given another remedy, and a party may have both. As to the absurdity which Mr. Frame supposes might follow, that the defendant below could get judgment against the plaintiff below on the appeal, after the judgment below was reversed on the certiorari, it cannot follow; because the reversal of that judgment would necessarily put an end to the appeal. The appeal could not stand here without a judgment below from which it was made.
By the Court:
The remedy by appeal is cumulative, on the common law right to the certiorari, and the choice of one is not an abandonment of the other. Doubtless they might be enjoyed one after the other, and the only reason why they should not go on together, is in the accumulation of costs. The court, therefore, would, on it appearing that the party bad taken both remedies at once, compel him to elect which he would proceed in, and discontinue his other proceeding at his own costs.
 Motion refused, and judgment reversed.